ST. PAUL, J.
 

 On May 30, 1930, defendant was charged with manslaughter, to wit, that on May 25, 1930, he did feloniously and unlawfully kill and slay, one Frank Shroeder; -and on December 17,1930, he was tried and convicted of Said offense.
 

 Thereafter he applied for a new trial on the ground substantially that the verdict was contrary to the evidence,' with which this court has no concern; and on further ground that the judge failed to charge the jury in compliance with Act No. 64 of 1930 (which became law on July 30, 1930), relative to involuntary homicide by the use of any vehicle in a grossly negligent or reckless manner, as required by section 5 of said act.
 

 To this it suffices to say that the judge properly refused to instruct the jury concerning the provisions of said act in a ease in which said act could not apply because the act was passed subsequent to the offense charged.
 

 Defendant also moved in arrest of judgment on the ground that said Act No. 64 of 1930 repeals sections 785 and 786 of the Revised Statutes relative to the crime of manslaughter, when the homicide results only from the'use of a vehicle in a grossly negligent and reckless manner (as was the case here), and therefore acts as a legislative pardon in this case..
 

 The motion is not well founded. Section 6 of said act expressly provides that “such repeal shall not prevent prosecutions under presently existing laws of any such crimes as may have been committed before this Act becomes effective”; hence there was no legislative pardon granted.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.